IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MARGARITA VEJO,

    Plaintiff,

vs.

PORTLAND PUBLIC SCHOOLS, a
public entity; ROBERTA COOPER,
individually and in her official capacity;
PETRA CALLIN, individually and in
her official capacity; LEWIS & CLARK
COLLEGE, an Oregon public benefit
Corporation; and DOES 1 THROUGH 50,
inclusive,

    Defendants.

Case No. 3:14-cv-01656-AA
**OPINION & ORDER**

AIKEN, District Judge:

    Plaintiff Margarita Vejo asserted federal and state law discrimination claims, among other claims, against defendants Portland Public Schools ("PPS"), Petra Callin ("Callin"), and Roberta Cooper ("Cooper") (collectively "defendants").[1] In September 2016, this Court denied in part defendants' Motions for Summary Judgement (doc. 47) on the discrimination claims,

---

[1] Lewis & Clark College was also a defendant in this case, but was dismissed from this action in September 2016. In any event, plaintiff's claims against the college are not at issue in this motion.

Page 1 – OPINION AND ORDER

ruling that plaintiff had presented sufficient evidence to establish a genuine issue of material fact about whether defendants had intentionally discriminated against her and that individual defendants Callin and Cooper were not entitled to qualified immunity. Now, defendants ask that, in light of the Ninth Circuit's recent decision reversing this Court's qualified immunity determination, this Court reconsider the denial of summary judgment on plaintiffs' state law discrimination claim and dismiss that claim against all three defendants. (doc. 95) For the reasons stated below, the motion for reconsideration is GRANTED. Upon reconsideration, defendants' renewed motion for summary judgment is GRANTED.

## BACKGROUND

The factual background of this case is well known to the parties and will not be reproduced here. On September 8, 2016, this Court issued an Opinion and Order granting in part and denying in part defendants' motions for summary judgment. *Vejo v. Portland Pub. Sch.*, 204 F. Supp. 3d 1149 (D. Or. 2016). As relevant here, the Court granted defendants' motion with respect to all of plaintiff's claims except (1) plaintiff's federal law discrimination claims against Callin and Cooper in their individual capacities under the Equal Protection Clause of the Fourteenth Amendment and (2) plaintiff's state law discrimination claims against all three defendants pursuant to Or. Rev. Stat. § 659A.403, which prohibits discrimination on account of race, religion, or national origin in places of public accommodation. *Id.* at 1180. With respect to those claims, the Court determined that plaintiff had presented sufficient evidence to establish a genuine issue of fact about federal and state law violations and that Callin and Cooper were not entitled to qualified immunity on the federal claims. *See id.* at 1174 (equal protection claims); *id.* at 1174 n. 17 (qualified immunity); *id.* at 1175 (state law discrimination claims). The Court observed that, to establish a violation of either the Equal Protection Clause or Or. Rev. Stat. §

659A.403, plaintiff had to present evidence that defendants had terminated plaintiff's internship because of her race, religion, or national origin. *Id.* at 1172. Relying on the same evidence for both the federal and state law discrimination claims, the Court determined that plaintiff had met her burden to avoid summary judgment based on (1) evidence that defendants terminated plaintiff's internship without warning; (2) evidence that plaintiff had not had any problematic interaction with a student; (3) statements that Cooper had made to plaintiff; and (4) plaintiff's testimony that defendants were aware of her race, national origin, and religion. *Id.* at 1173.

Defendants filed a direct appeal of the Court's qualified immunity determination and, on June 6, 2018 the Ninth Circuit reversed and remanded. *Vejo v. Portland Pub. Sch.*, 737 F. App'x 309 (9th Cir. 2018). In its memorandum opinion, the Ninth Circuit determined that plaintiff had failed to present evidence that Callin had intentionally discriminated against her and that plaintiff's evidence regarding Cooper's motivations was insufficient to establish that Cooper that intentionally discriminated against her. *Id.* at 311-12. Accordingly, the Ninth Circuit concluded that both Callin and Cooper were entitled to qualified immunity with respect to plaintiff's federal law discrimination claims. *Id.*

In response to the Ninth Circuit's decision, defendants filed a Motion for Order Dismissing Plaintiff's Public-Accommodation Claim (doc. 95).

## STANDARDS OF REVIEW

In their motion, defendants ask the Court to revisit its denial of summary judgment on plaintiff's state law discrimination claims in light of the Ninth Circuit's ruling on plaintiff's related federal claims.

I.  **Reconsideration of Interlocutory Orders**

Page 3 – OPINION AND ORDER

"'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). The Ninth Circuit's decision demonstrates that this Court's denial of summary judgment on plaintiff's state law discrimination claims was based, in part, on an erroneous determination. Therefore, the Court finds sufficient cause for this Court to reconsider its denial of defendants' motion for summary judgment on plaintiff's state law discrimination claims.

## II. Summary Judgment

Summary judgement is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

## DISCUSSION

There is a close identity between discrimination claims brought under the Equal Protection Clause of the Fourteenth Amendment and those brought under Oregon's public accommodation discrimination statute, Or. Rev. Stat. § 659A.403. Both require proof of intentional discrimination. To prevail on an equal protection claim, a plaintiff "must first prove

that the defendants purposefully discriminated against her" because of her protected status. *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985). Likewise, to prevail on a claim under section § 659A.403, a plaintiff must show that the plaintiff "was treated in an 'unequal' manner because of [a protected status]" and that "that treatment resulted in an injury[.]" *Allen v. U.S. Bancorp*, 264 F. Supp. 2d 945, 954 (D. Or. 2003) (quoting *King v. Greyhound Lines*, 656 P.2d 349, 352 (Or. Ct. App. 1982)). In its prior Order, this Court determined that plaintiff had presented sufficient evidence that defendants had intentionally discriminated against her. *Vejo*, 204 F. Supp. 3d. at 1173. That determination was central to this Court's denial of qualified immunity on plaintiff's equal protection claims against Callin and Cooper and denial of summary judgment on plaintiff's state law public accommodation claims against defendants. *Id.* at 1174-75.

On appeal the Ninth Circuit held that plaintiff's evidence was insufficient to establish that either Callin or Cooper had committed an equal protection violation. The court concluded that plaintiff "presented no evidence suggesting that Callin terminated [her] because of [her] national origin or religion." *Vejo*, 737 F. App'x at 311. With respect to Cooper, the court concluded that plaintiff "failed to establish a causal link between the alleged discrimination and a protected ground[.]" *Id.* at 312. The court emphasized that, in context, Cooper's statements were insufficient to establish intentional discrimination. *Id.* Because plaintiff failed to show an equal protection violation, the court concluded that Callin and Cooper were entitled to qualified immunity without considering whether the right at issue was "clearly established." *See id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (observing that in every qualified immunity case "whether the facts alleged show the [defendant's] conduct violated a constitutional right . . . *must* be the initial inquiry" and that a court may only consider whether

the right was clearly established after finding a violation at the first step (emphasis added and internal quotation marks omitted)).

Although the Ninth Circuit's review was limited to the question of qualified immunity and only plaintiff's equal protection claims were at issue on appeal, the Ninth Circuit considered whether plaintiff's evidence was sufficient to establish that either Callin or Cooper intentionally discriminated against her and concluded that it was not. On remand, that ruling is binding on this Court. *See United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986) ("when matters are decided by an appellate court, its rulings . . . bind the lower court" and, "[u]pon remand, an issue decided by an appellate court may not be reconsidered"). And the ruling is equally fatal to plaintiff's state law discrimination claims under Or. Rev. Stat. § 659A.403 as it was to plaintiff's federal law discrimination claims under the Equal Protection Clause.

Applying that ruling to defendants' motion for summary judgment on plaintiff's state law discrimination claims, the Court now concludes that summary judgment is appropriate. Because plaintiff cannot establish that Callin or Cooper intentionally discriminated against her, plaintiff has failed to establish that either individual defendant treated her in an "unequal" manner because of her race, national origin, or religion pursuant to Or. Rev. Stat. § 659A.403. Plaintiffs' state law discrimination claims against PPS, which were based on Callin and Cooper's allegedly discriminatory acts, fail for the same reason.

## CONCLUSION

For the reasons set forth above, defendants' Motion for Order Dismissing Plaintiff's Public-Accommodation Claim (doc. 95) is GRANTED. Upon reconsideration, the Court GRANTS defendants' renewed motion for summary judgment as to plaintiff's state law discrimination claims and DISMISSES those claims. Consistent with the Ninth Circuit's

Page 6 – OPINION AND ORDER

Mandate (doc. 92), plaintiff's equal protection claims against Callin and Cooper are DISMISSED on the basis of qualified immunity. Final judgment shall be entered accordingly.

IT IS SO ORDERED.

Dated this 30th day of November 2018.

_____
Ann Aiken
United States District Judge